

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: | § | No. 08-23-00008-CV |
| FRANK ENRIQUEZ, Individually and as the Personal Representative of the Estate of | § | AN ORIGINAL PROCEEDING |
| CHRISTINE RAMIREZ, and for all wrongful death beneficiaries, | § | IN MANDAMUS |
| | § | |
| Relator. | | |
| | § | |

## **O P I N I O N**

Relator Frank Enriquez seeks a writ of mandamus directing the trial court to grant his motion for leave to file a fourth amended petition. We deny the petition for a writ of mandamus as moot.

## **BACKGROUND**

Enriquez jointly filed suit with his wife, Christine Ramirez, in 2011 alleging that real-party-in-interest Dr. Victor M. Villalobos's[1] negligent medical treatment of Ramirez caused him to misdiagnose her lung cancer. Ramirez died on June 18, 2012. Consequently, Ramirez was removed

---

[1] In addition to Villalobos, Enriquez also named as defendants Wedgewood Medical Center, Mt. West Family Health Center, Trawood Family Health Center, Jennifer A. Gomez, Fabian De La Rosa, and Miles B. May. For simplicity, we will refer to all of the defendants/real-parties-in-interest as Villalobos.

as a plaintiff and was replaced by Enriquez in both his individual capacity and in his capacity as the personal representative of her estate.

The trial court issued a scheduling order setting the case for a jury trial on January 24, 2023. It also set a November 25, 2022, deadline for amending or supplementing pleadings. Enriquez filed a motion for leave to file a fourth amended petition on December 14, 2022, stating that opinions revealed during his expert witness's recent deposition made amendment necessary. Villalobos opposed the motion. After holding a hearing, the trial court denied the motion for leave to amend, and Enriquez filed this petition for a writ of mandamus five days later. The trial court cancelled the January 24 trial date the same day the petition for a writ of mandamus was filed.

## ANALYSIS

Texas Rule of Civil Procedure 63 permits parties to amend their pleadings "provided, that any pleadings . . . offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained." Here, Enriquez was required to seek leave of court to file his fourth amended petition because he sought to file it after the November 25, 2022, deadline the trial court set in its scheduling order. A trial re-setting, however, has the effect of nullifying a deadline set by a scheduling order. *Harris v. Mastec North America, Inc.*, No. 05-19-00955-CV, 2020 WL 6305028, at *3 (Tex. App.—Dallas 2020, no pet.) (mem. op.); *compare Holmes v. GMAC, Inc.*, 458 S.W.3d 85, 94-95 (Tex. App.—El Paso 2014, no pet.) (holding that the deadlines in a scheduling order did not reset after a continuance of the trial date when the scheduling order "expressly provided that a reset or continuance of the initial trial setting would not alter any deadline established in the order unless otherwise provided by order of the trial court"). Consequently, the trial court's cancellation of the January 24 trial date nullified the scheduling order's November 25 deadline for Enriquez to

2

file an amended petition. The mandamus record does not indicate that a new trial date has been set. Enriquez, therefore, does not now require leave of court to file an amended petition.

Villalobos appears to agree that Enriquez is entitled to file his fourth amended petition. He states on appeal that "after the trial was cancelled the trial court's [] scheduling order is no longer effective to prevent Enriquez's Fourth Amended Petition." As a result, his petition for a writ of mandamus requesting that this Court order the trial court to grant him leave to file an amended petition is moot. *Texas Dept. of Family and Protective Services v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) ("A case may become moot at any time . . . .").[2]

## CONCLUSION

For the mentioned reasons, Enriquez does not currently need leave to file an amended petition. We, therefore, deny Enriquez's petition for a writ of mandamus as moot.

YVONNE T. RODRIGUEZ, Chief Justice

April 20, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

---

[2] Our opinion today addresses only whether Enriquez currently needs leave to file an amended petition. While we find that he does not, we do not in anyway opine on whether his amended petition is otherwise appropriate under Rule 63 or would survive a dispositive motion.